*Prall, for appellants.*

*Hunt & Beck, for appellee.*

---

## JAMES W. POWELL *v.* CHARLES F. BARLEY.

**New Trial—Violation or Right Instruction by Jury.**

Though there be no substantial error in giving or refusing instructions, a verdict inconsistent with a proper instruction given, will authorize the granting of a new trial.

**Evidence—Interested Party to Suit, as a Witness.**

One whose interest appears as against a defendant, and for the plaintiff, in a suit for breach of warranty, is incompetent as witness.

**Instructions.**

Where a private sale, under an execution levy is made, and no proof, in a subsequent action, that this sale, produced as much as a public sale, it is error for the court to refuse an instruction, "that such a sale was a breach of the sheriffs bond and made him liable to this action for whatever damage resulted to Powell from failing to make a public and official sale of the horses."

**Idemnifying Bond—Execution Sale—Sheriff.**

In the absence of proof or notice that property levied on under an execution belongs to other than the execution debtor, the sheriff has no right to require an idemnifying bond.

**Same—Notice of Sale Without Bond.**

If the sheriff has, in good faith, reasonable doubt as to the liability of property to the execution, he has no right to release the levy, without reasonable notice to the execution debtor that he would not sell without a sufficient bond.

**Same—Sufficient Notice to Execution Debtor.**

Notice to an execution debtor, of a discharge of a levy, without a bond of indemnity be forthcoming, given at twelve o'clock on the day of sale, held insufficient.

Same—Evidence—Interested Witness.

The levying deputy, being liable to his principal for a release of the levy, he was incompetent as a witness to prove a reasonable notice on his demand of the execution debtor, for a bond of indemnity.

APPEAL FROM WASHINGTON CIRCUIT COURT.

May 26, 1868.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The alleged discovery of the evidence of Donatus Mudd was not a sufficient cause for setting aside the verdict in favor of Powell on the first trial, because it appeared that his title to the black horse was asserted to Casey and the deputy sheriff, Moffit, when the levy of Pope's execution was made, and consequently there was no pretense for saying that the discovery was made after the trial, or that a vigilant party ought not to have made it before the trial.

But, as evidence on that trial showed that before a levy of Pope's execution, Powell agreed that the black horse and several horses found by *Casey*, might be levied on and for Pope's benefit, the verdict for the whole amount of Powell's execution was inconsistent with a proper instruction given by the circuit court.

And therefore, though there was no substantial error in giving or refusing instructions on that trial, the simple fact that the verdict violated a right instruction, sustained the grant of a new trial.

But it seems to this court that the judgment in the sheriff's favor on the last trial is also erroneous for the following reasons:

1. It sufficiently appears that Pope had not lost his recourse against his assignor, *Casey*, and that Casey's only chance of exoneration after the return of "no property" on Pope's execution was the sale of those two horses for Pope's benefit and the sale of which he therefore, in self-defense, effectuated by his own intervention and at his own risk. Casey's interest against Powell in the result of this action is consequently obvious and proximate.

The circuit court therefore erred in over-ruling Powell's objection to his competency and in permitting him to testify, in virtually his own case against Powell.

2. If Powell waived his priority, his alleged agreement implied

consent to a private sale as made. And consequently there being no proof that the sale, as made, brought as much as a public sale under Pope's execution would have produced, the circuit court erred in refusing to give Powell's 2nd instruction to the effect that as to him, the private sale was a breach of the sheriff's bond and made him liable to this action for whatever damage resulted to Powell from failing to make a public and official sale of the horses.

3. The uncontradicted testimony of the execution debtor, proves that the roan mare, on which the deputy Rosley levied Powell's execution, was subject to levy and sale as his property. And there is no proof that she was claimed by any other person. Without some such evidence, express or implied, the levying deputy had no right to require an indemnifying bond. But if he had, in good faith, reasonable doubt of the liability of the mare to the execution, he had no right to release the levy, as he did, without reasonable notice to Powell that he would not sell without such bond. Notice, on the day appointed for the sale, to Powell's agent about 12 o'clock on the day, was not reasonable notice to Powell, who was neither actually nor potentially present to execute the bond. And the testimony of the deputy himself is the only evidence of any previous or more reasonable notice. As the deputy would be liable to the principal for an alleged release of the levy, he was incomptent as a witness to prove a reasonable notice of his requisition of a bond of indemnity. And therefore the circuit court erred in over-ruling Powell's objection to the competency of that witness on that point.

Wherefore, the judgment appealed from is reversed, and the cause remanded for a new trial.

Judge Hardin did not sit in this case.

*Harrison, for appellant.*

*Kavanaugh, for appellee.*